JUSTICE TRIEWEILER
dissenting.
I concur with the majority’s conclusion that the plaintiff did not present substantial evidence that he was discharged from his position as terminal manager because of his age, and that, therefore, the District Court correctly dismissed his claim of age discrimination by summary judgment.
I dissent from the majority’s conclusion that Thomas Clark was not terminated from employment, and therefore, had no claim pursuant to Montana’s Wrongful Discharge From Employment Act (WDEA) found at §§ 39-2-901 to -915, MCA. Clark was permanently terminated from his position as terminal manager at his employer’s Billings facility. He was then offered a totally different job that he had never performed before as a utility person at substantially reduced pay. (When the majority states that “the record does not reflect whether there was a substantial change in salary,” they ignore Clark’s affidavit.) The mere fact that he took the inferior position simply means that he did everything he could to mitigate his damages. It does not change the fact that he was irreversibly terminated from his employment as the defendant’s terminal manager.
This case is indistinguishable in any practical respect from Howard v. Conlin Furniture No. 2, Inc. (1995), 272 Mont. 433, 901 P.2d 116. Therefore, I conclude that the application of the WDEA is mandated by that decision, the District Court correctly concluded that it was applicable, and the majority has erred by trying to distinguish this case based on irrelevant factors which make no practical difference.
In Howard, the plaintiff was hired as the defendant’s store manager in 1990 at an annual salary of $50,000 plus a commission, and was terminated from that position in 1993. Howard, 272 Mont. at 435-36, 901 P.2d at 118. At the time of his termination from his managerial position, the plaintiff, like Clark, was offered an inferior position in the same store. He was offered a sales position at a salary of $1000 per month plus a commission opportunity. Howard, 272 Mont. at 435-36, 901 P.2d at 118. The District Court dismissed the plaintiff’s complaint in Howard and we reversed.
*289 On appeal, the employer in Howard argued, as the employer in this case argues, that the District Court should be affirmed because the plaintiff had not been discharged from employment, but only demoted. Howard, 272 Mont. at 437, 901 P.2d at 119. We set forth the issue on appeal as follows: “The first sub-issue we must decide is whether Howard was discharged, or merely demoted, following which he resigned.” Howard, 272 Mont. at 438, 901 P.2d at 119.
We held that the following facts were significant to our conclusion that the plaintiff had in fact been discharged from his position as store manager:
This case does not involve a lateral transfer, nor a minor change in job description. This case involves absolute and final termination from a managerial position, followed by an offer of employment in a functionally different, and substantially inferior, position with the same employer. To hold, as Conlin suggests, that termination of employment in a position that pays over $50,000 per year, and subsequently offering a position which pays less than 25 percent of that amount, is not “a termination of employment” would ignore the plain language of the Act and allow circumvention of the Act’s damage provisions which are based on wages at the time of termination. Section 39-2-905, MCA.
Howard was informed that he was being terminated as Conlin’s manager. He was then offered a subordinate position among the sales staff he previously managed. His refusal to accept an offer of a lesser position, at best, affects his duty to mitigate his damages. We conclude that when Howard was terminated from his managerial position, he was discharged from employment within the meaning of § 39-2-903(2), MCA, of Montana’s Wrongful Discharge From Employment Act.
Howard, 272 Mont. at 438, 901 P.2d at 119-20.
There are only two distinctions among the facts in the Howard case and those in this case: (1) Clark accepted the inferior position, whereas Howard rejected it; and (2) we knew what the difference in pay was for Howard, while all we know from Clark’s affidavit is that his pay was substantially reduced following his termination as terminal manager. However, as we noted in Howard, the fact that the employee did or did not take the inferior position simply relates to the issue of mitigation of damages, and whether we know the actual dollar amount by which pay has been reduced, or simply know that *290 pay has been substantially reduced, is a distinction that makes no practical difference.
The majority cites Allison v. Jumping Horse Ranch, Inc. (1992), 255 Mont. 410, 412-13, 843 P.2d 753, 755, for the proposition that a discharge requires “a complete severance of the relationship of employer and employee by positive act on the part of either or both.” However, Allison is inapplicable to the facts in this case. It dealt only with the issue of when the statute of limitations began to run, based on the facts in that case. That case did not involve the termination by the employer of one form of employment and a subsequent offer of substantially inferior employment. Therefore, the majority’s reliance on Allison is misplaced. Howard, on the other hand, is directly on point and factually indistinguishable.
The inference from the majority’s decision is that, had Clark turned down the inferior position of utility person, he could have made a claim for constructive discharge pursuant to the WDEA and our decision in Howard. However, that suggestion also ignores that plain language of our decision in Howard. That decision was not based on our conclusion that by offering the plaintiff an inferior position he was constructively discharged. It was based on our conclusion that when he was finally terminated as store manager, he was “discharged from employment within the meaning of § 39-2-903(2), MCA, of Montana’s Wrongful Discharge From Employment Act.” Howard, 272 Mont. at 438, 901 P.2d at 120.
For these reasons, I conclude that Clark has stated a claim for wrongful discharge pursuant to Montana’s Wrongful Discharge From Employment Act, and that the District Court erred when it dismissed that claim by summary judgment. I therefore dissent from that part of the majority opinion which affirms the District Court’s dismissal.
Because I conclude that Clark’s termination from employment was covered by the Wrongful Discharge From Employment Act, I specially concur with that part of the majority opinion which affirms the District Court’s dismissal of Clark’s claims for tortious interference and negligent or intentional infliction of emotional distress. For those employees covered by the Wrongful Discharge From Employment Act, common law remedies are preempted pursuant to § 39-2-913, MCA, and pursuant to § 39-2-905(3), MCA, there is no right to recover damages for emotional distress.
JUSTICE HUNT joins in the foregoing dissenting opinion.